Cabell, J.
My brother Carr has taken so full a view of this case, as to render it unnecessary for any thing farther to be said. But there is one point on which I wish to be indulged with a few remarks.
The personal property in possession, and the dioses in action, of a mercantile company, pass, like those of an individual, by delivery, or by written assignment without seal.
*436 That one partner living in this state, and having the management of all the business of the company (the 0l^er Partners residing out of the state) has the power LiUU UJL 11JLC UUIU pü-Ljy, LU UiC «J1CU.1LUI.O UL LUC cuiujjauj, to deliver over and to assign the goods and dioses in action of the company, to the creditors of the company, in discharge of the partnership debts, is a position too clear, in my opinion, to require either argument or authority. If he can do this directly, I think it equally c^ear tjiat jje may indirectly, by delivering and assigning them to an agent or trustee, to be applied in payment of the partnership debts. And if he may do this as to all the creditors, he may do it as to any one or more of them; and hence he may give a preference to a particular creditor, or to a class of creditors, although 'the consequence of such preference may, in case of a deficiency of funds, defeat the claims of the postponed creditors.
As to real estate, which the law declares shall pass by deed only, it is clear that the deed of one partner will pass nothing but his own interest therein; because the deed of one partner is not the deed of the others, nor has he, as a partner, the power to execute a deed for them.
But no seal being necessary to the transfer of the personal effects, in possession or in action, of a mercantile concern, and one partner having the power to transfer them, his transfer of them is binding on the company without a seal. "Does, then, the annexation of a seal to the instrument of transfer destroy that virtue which the instrument would have had without the seal? Is this a question to be seriously propounded to a court of equity and good conscience, which, in the absence of legal enactments, looks at the substance, regardless of the forms of contracts? Reason and common sense give the answer. As a seal, except in cases where the law requires one, gives, in a court of equity, no additional validity to an instrument, the annexation of a seal *437 to an instrument, valid without it, cannot impair its validity.
In Sale v. Dishman’s ex’ors, 3 Leigh 548. there was a . . purchase of corn, on credit, by Berryman <y Dishman; and the terms of the contract were evidenced by a covenant, signed and sealed by Sale, and by Berryman alone, in the name of the firm of Berryman Sf Dishman. Dishman having died; Berryman, as surviving partner, came to a settlement with Sale, and executed his for the balance found due; but as he afterwards became insolvent, a suit in chancery was brought by Sale against Berryman and the executors of Dishman, on the original contract. The bill was dismissed on the hearing, by the chancellor; but this court reversed the decree, and granted the relief prayed for. The president said, “It is apparent from the original agreement, signed by Berryman in the name of the firm, for the purchase of the corn from Sale, that the firm was looked to as debtors for the amount. It is natural that it should be so, as Dishman lent his name, to give credit to the firm. The contract thus signed, and (by mistake of received principles, which deny the right of one partner to bind another, at law, by a seal) being sealed also, was nevertheless binding in equity upon both partners.” I concur in these remarks of the president. Although the covenant executed by one partner imposes no obligation, asa covenant or sealed, instrument, on the partner who did not sign and seal it, and therefore cannot be sued on as such, yet the covenant or sealed instrument of one partner, relating to a matter as to which he had a right to contract for the company, is evidence of the contract of the company, and that contract is binding on them as a parol contract; at least it is binding in equity. How far it may be evidence at law also, where there Is no technical reason against it, I do not deem it necessary now to decide. Suppose, however, a bond or note due to a firm be fairly transferred, for valuable considera *438 tion, by written assignment indorsed on the bond or note, and signed and sealed by the acting partner; what technical reason, even, can be given, whj'' an action at law may not be brought on it by the assignee ? I confess I am unable to perceive any. Such a case would not come within the influence of the decision in Harrison v. Jackson fc. 7 T. R. 207. for in that case the plaintiff declared on a written instrument as the covenant of all the partners, when in fact it was sealed by one only. But in the case supposed, the assignment might be stated without any reference to the seal.
I concur in the decree prepared for the court by my brother Brockenbrough.
Brockenbrough, J.
pronounced the decree of the court of appeals.
The court is of opinion that the deed executed by Edward M’ Cullough to his trustees, bearing date the 2d day of October 1833, is not fraudulent, either in fact or ■in law: that although one partner cannot bind his co-partner by deed, so as to make it operative at law as a -deed, yet that a court of equity, which regards substance rather than form, will not allow an assignment of personal goods, which would be otherwise lawful, to be defeated by the circumstance of a seal being annexed to it: that as the said M’ Cullough was the sole managing and active partner of the firm of M’ Cullough Sf Gillespie, the other partner being a resident of another state, it was competent for the said M’Cullough to sell and dispose of, and give alien on, the goods, book debts, credits, and all the other chattels of the firm, to the bona fide creditors of the firm; that as the purpose of the deed was to provide for certain bona fide creditors of the firm, as well as for individual creditors of the said Edward M’ Cullough, although the deed does not devote the social fund exclusively to the social creditors, and the separate fund to the individual creditors, yet it *439 will be proper for the court, in the exercise of its undoubted powers, to reform the deed in this respect, by throwing each class of creditors upon its own fund, and thus reach the justice of the case, and the probable intent of the grantor; and that it was entirely fair and competent, and consistent with the principles of law, for the said Edward M' Cullough to prefer one creditor, or set of creditors, to another.
The court is further of opinion that as the M' Cullough's tract of land, conveyed by the said deed, was situated in Lewis county, and as the deed was not recorded in that county, but only in Harrison county, it was not binding on any hona fide creditor of the firm, or of the said M'Cullough, so far as it regards the said tract of land, and that any creditor having a judgment lien, not included in the deed a.nd not claiming under it, but asserting his title against it, will be entitled to be paid his debt from that land, in preference to any creditors provided for by the deed, and claiming under it: that as Shaw, Tiffany Company, individual creditors of Edward M’ Cullough, had obtained a judgment against him in October 1833, under which, and others, he was taken in execution and kept in jail till October 1834, and was then discharged from custody by the jailor, by reason of the failure of the creditors (at whose suit he was in custody) to pay the jail fees; and as the said plaintiffs had then the capacity to sue out a scire facias to have a new execution against the goods and chattels or lands and tenements of the said M'Cullough, according to the statute in such case made and provided, they were remitted to their judgment lien, which bound the land in Lewis county, and have a right to be satisfied out of the land, or the proceeds thereof, in preference to any creditor named in the deed, and claiming under it.
The court is further of opinion that the circuit court acted with entire propriety in relieving the trustees from *440 the execution of the trust, and in taking a control of the funds for the purpose of distribution; but that the court erred in vacating the deed, and in distributing the funds ° ° ratably amongst all of the creditors, without regard to the preferences established by the deed.
*s tberef°re adjudged, ordered and decreed, that the decree of the said circuit court, rendered on the 26th day of May 1835, be reversed and annulled, and appellants B. S. Elder Sf Sons, A. Hart fy Company, A. Groverman &f Son, Erslcine, Eickelberger Sf Company, R. B. Spalding, and Shaw, Tiffany S¡ Company, recover from the appellee Maxwell Sommerville their costs in this court expended. And the court proceeding to render such decree as the said court ought to have rendered, it is further adjudged, ordered and decreed, that after paying the charges and expenses in the said decree mentioned, including also the charge of the commissioner for his report, the social funds of McCullough 8f Gillespie under the control of the court be so distributed as to pay, 1st. the social creditors of the first class, to each his full debt, interest, and costs at law, in the order designated by the deed, if sufficient for that purpose: 2d. that if there be any surplus of the said social funds after payment of the social creditors of the first class, it be distributed amongst the social creditors of the second class, pro rata. That the private funds of Edward McCullough, exclusive of the proceeds of the land sold in Lewis county, be distributed, 1st. to the individual creditors of the first class, to each his full debt, interest, and costs at law, in the order in which they are named in the deed, if sufficient for that purpose: 2d. that if there be any surplus of the said individual funds after payment of the individual creditors of the first class, it be distributed amongst the individual creditors named in the deed who are to take pro rata. And lastly, that as to the proceeds of the land, they are first to be applied to the payment of *441 the debt, interest, and costs at law, of the appellants Shaw, Tiffany 8f Company: and the surplus thereof, after the said payment to Shaw, Tiffany Sf Company, shall be paid, 1st. to such of the individual preferred creditors as may not have received their full debt, interest and costs at law, from the individual personal fund above named; and 2dly, to the second class of individual creditors named in the deed, who are to receive pro rata shares of their debt, interest and costs at law.
And it is further adjudged, ordered and decreed, that each party pay his own costs in the said circuit court: and this cause is remanded to the said circuit court of Harrison, to be further proceeded in according to the principles of this decree.